Victor Viramontes*
Jorge M. Castillo*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
T: 213.629.2512
*vviramontes@maldef.org*
*jcastillo@maldef.org*

Burth López*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
1016 16th Street, Suite 100,
Washington, D.C. 20036
T: 202.572.0695
*blopez@maldef.org*

Sarah Schoettle*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
11 E. Adams Street, Suite 700
Chicago, IL 60603
T: 312. 427.0701
*sschoettle@maldef.org*

**Pro hac application to be filed*

Nathan Horsley
Mark Begnaud
HORSLEY BEGNAUD LLC
750 Hammond Drive, Building 12, Suite 300
Atlanta GA 30328
T: 770.765.5559
*nhorsley@gacivilrights.com*
*mbegnaud@gacivilrights.com*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| GEORGIA LATINO ALLIANCE FOR HUMAN RIGHTS, an organization, LORENA GUILLEN, an individual, and KARLA LOPEZ, an individual,<br><br>Plaintiffs,<br>v.<br><br>C. DEAN ALFORD, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; W. PAUL BOWERS, | CASE NO.<br><br>**COMPLAINT** |

member of the Board of Regents of the University System of Georgia, in his individual and official capacity; LORI DURDEN, member of the Board of Regents of the University System of Georgia, in her individual and official capacity; LARRY R. ELLIS, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; RUTLEDGE A. GRIFFIN, JR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; C. THOMAS HOPKINS, Jr., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; JAMES M. HULL, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DONALD M. LEEBERN, JR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DOREEN STILES POITEVINT, member of the Board of Regents of the University System of Georgia, in her individual and official capacity; NEIL L. PRUITT, JR, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; SACHIN SHAILENDRA, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; E. SCOTT SMITH, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; KESSEL D.

STELLING, JR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; BENJAMIN J. TARBUTTON, III, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; RICHARD L. TUCKER, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; THOMAS ROGERS WADE, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; LARRY WALKER, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DON L. WATERS, member of the Board of Regents of the University System of Georgia, in his individual and official capacity; PHILIP A. WILHEIT, SR., member of the Board of Regents of the University System of Georgia, in his individual and official capacity; DR. DAVID C. BRIDGES, President of Abraham Baldwin Agricultural College, in his individual and official capacity; DR. ARTHUR N. DUNNING, President of Albany State University, in his individual and official capacity; DR. LINDA BLEICKEN, President of Armstrong State University, in her individual and official capacity; DR. GARY A. MCGAHA, President of Atlanta Metropolitan State College, in his individual and official capacity; SHAWN MCGEE, President of Bainbridge State College, in his individual and official

capacity; DR. THOMAS J. "TIM" HYNES, President of Clayton State University, in his individual and official capacity; DR. GREGORY F. ALOIA, President of College of Coastal Georgia, in his individual and official capacity; DR. CHRIS MARKWOOD, President of Columbus State University, in his individual and official capacity; DR. MARGARET VENABLE, President of Dalton State College, in her individual and official capacity; DR. RICHARD CARVAJAL, President of Darton State College, in his individual and official capacity; DR. ROBERT G. BOEHMER, President of East Georgia State College, in his individual and official capacity, DR. PAUL JONES, President of Fort Valley State University, in his individual and official capacity; DR. STAS PRECZEWSKI, President of Georgia Gwinnett College, in his individual and official capacity; DR. DONALD GREEN, President of Georgia Highlands College, in his individual and official capacity; DR. JEAN BARTELS, President of Georgia Southern University, in her individual and official capacity; DR. CHARLES PATTERSON, President of Georgia Southwestern State University, in his individual and official capacity; DR. MARK P. BECKER, President of Georgia State University, in his individual and official capacity; DR. MAX BURNS, President of Gordon State College, in his individual and official capacity; DR. DANIEL S. PAPP, President of Kennesaw State University, in his

individual and official capacity; DR. CHRISTOPHER BLAKE, President of Middle Georgia State University, in his individual and official capacity; DR. CHERYL DAVENPORT DOZIER, President of Savannah State University, in her individual and official capacity; DR. VIRGINIA CARSON, President of South Georgia State College, in her individual and official capacity; DR. BONITA JACOBS, President of University of North Georgia, in her individual and official capacity; DR. KYLE MARRERO, President of University of West Georgia, in his individual and official capacity; and DR. CECIL STATON, President of Valdosta State University, in his individual and official capacity

Defendants.

## INTRODUCTION

1. This action challenges Defendants' policy of denying in-state tuition to certain non U.S. citizens who are legally present in the United States. Specifically, Defendants deny in-state tuition to individuals who have been granted immigration relief in the form of deferred action.

2. Deferred action recipients are permitted to stay in the United States for a period of time designated by the federal government, are shielded from removal

proceedings during that time, and may be granted work authorization and a Social Security Number.

3. Defendants' acts, which deny in-state tuition to deferred action grantees, violate the Supremacy Clause of the United States Constitution because they are preempted by federal immigration law and the federal government's exclusive authority to regulate immigration.

4. Defendants' acts also violate the Fourteenth Amendment Equal Protection Clause because they deny in-state tuition to DACA recipients without any valid justification.

5. Plaintiff Georgia Latino Alliance for Human Rights (GLAHR) has redirected resources to address Defendants' illegal acts, which deny in-state tuition to eligible individuals. GLAHR's mission has further been compromised because Defendant's illegal acts negatively affect the constituency it serves, and undermines GLAHR's educational mission, among other reasons.

6. Plaintiff Lorena Guillen is a deferred action recipient, attending a University System of Georgia institution. She is paying an out-of- state tuition rate, yet, she resides in Georgia.

7. Plaintiff Karla Lopez is a deferred action recipient, attending a University System of Georgia institution. She is paying an out-of-state tuition rate, yet, she resides in Georgia.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution. The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this district under 28 U.S.C. § 1391(b). All Defendants are sued in their individual and official capacity and most have official places of business located within this District. Events giving rise to this Complaint also occurred within this District.

## PARTIES

### Plaintiffs

10. Plaintiff **GLAHR** is a non-profit organization in Georgia. GLAHR educates, organizes, and empowers Latinos in Georgia to defend and advance their civil and human rights. GLAHR's mission includes making education, including higher education, a human right available to all in Georgia. GLAHR's employees and volunteers work to further GLAHR's mission. GLAHR has developed a program to assist eligible individuals with deferred action applications. In that

capacity, GLAHR informs prospective and current students attending or considering attending the University System of Georgia about paying for schooling. Because of Defendants' illegal acts, which bar deferred action recipients from receiving in-state tuition, GLAHR must redirect time and resources towards informing students about alternative options for paying for college. Rather than assisting in the processing of additional deferred action applications, GLAHR is forced to redirect resources toward addressing Defendant's illegal in-state tuition actions.

11. Plaintiff **Lorena Guillen** is a resident of Georgia and graduated from a Georgia high school. She is a deferred action recipient; as such she is lawfully present in the U.S. and has federal work authorization. She attends Perimeter College, a University System of Georgia institution. Defendants deny her in-state tuition because they classify her as not lawfully present, and, except for Defendants' improper classification, she is eligible for in-state tuition. Plaintiff Guillen pays out-of-state tuition rates. She has restricted her major because she has to pay elevated out-of-state tuition rates. She is contemplating discontinuing her studies because of her inability to pay out-of-state rates.

12. Plaintiff **Karla Lopez** is a resident of Georgia and graduated from a Georgia high school. She is a deferred action recipient; as such she is lawfully

present in the U.S. and has federal work authorization. She attends Perimeter College, a University System of Georgia institution. Ms. Lopez is currently majoring in pre-medical studies and hopes to become a medical doctor. Defendants deny her in-state tuition because they classify her as not lawfully present, and, except for Defendants' improper classification, she is eligible for in-state tuition. Plaintiff Lopez pays out-of-state tuition rates. She has restricted the number of credit hours she takes each year because of the cost of the elevated tuition rates. As a result, it will take her longer than four years to graduate with a bachelor's degree.

**Defendant Members of the Board of Regents**

13. Defendant C. Dean Alford is a member of the Board of Regents of the University System of Georgia ("Board of Regents"). As a member of the Board of Regents, Defendant Alford governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under Official Code of Georgia Annotated (O.C.G.A.) §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

14. Defendant W. Paul Bowers is a member of the Board of Regents. As a member of the Board of Regents, Defendant Bowers governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

15. Defendant Lori Durden is a member of the Board of Regents. As a member of the Board of Regents, Defendant Durden governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

16. Defendant Larry R. Ellis is a member of the Board of Regents. As a member of the Board of Regents, Defendant Ellis governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under

O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

17. Defendant Rutledge A. Griffin, Jr. is a member of the Board of Regents. As a member of the Board of Regents, Defendant Griffin governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

18. Defendant C. Thomas Hopkins, Jr. is a member of the Board of Regents. As a member of the Board of Regents, Defendant Hopkins governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

19. Defendant James M. Hull is a member of the Board of Regents. As a member of the Board of Regents, Defendant Hull governs, controls, and manages the public colleges and universities that comprise the University System

of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

20. Defendant Donald M. Leebern, Jr., is a member of the Board of Regents. As a member of the Board of Regents, Defendant Leebern governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

21. Defendant Doreen Stiles Poitevint is a member of the Board of Regents. As a member of the Board of Regents, Defendant Poitevint governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

22. Defendant Neil L. Pruitt, Jr., is a member of the Board of Regents. As a member of the Board of Regents, Defendant Pruitt governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

23. Defendant Sachin Shailendra is a member of the Board of Regents. As a member of the Board of Regents, Defendant Shailendra governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

24. Defendant E. Scott Smith is a member of the Board of Regents. As a member of the Board of Regents, Defendant Smith governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under

O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

25. Defendant Kessel D. Stelling, Jr. is a member of the Board of Regents. As a member of the Board of Regents, Defendant Stelling governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

26. Defendant Benjamin J. Tarbutton, III is a member of the Board of Regents. As a member of the Board of Regents, Defendant Tarbutton governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

27. Defendant Richard L. Tucker is a member of the Board of Regents. As a member of the Board of Regents, Defendant Tucker governs, controls, and manages the public colleges and universities that comprise the University System

of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

28. Defendant Thomas Rogers Wade is a member of the Board of Regents. As a member of the Board of Regents, Defendant Wade governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

29. Defendant Larry Walker is a member of the Board of Regents. As a member of the Board of Regents, Defendant Walker governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

30. Defendant Don L. Waters is a member of the Board of Regents. As a member of the Board of Regents, Defendant Waters governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

31. Defendant Philip A. Wilheit, Sr. is a member of the Board of Regents. As a member of the Board of Regents, Defendant Wilheit governs, controls, and manages the public colleges and universities that comprise the University System of Georgia, and is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

**Defendant Presidents**

32. Defendant Dr. David C. Bridges is the president of Abraham Baldwin Agricultural College. Defendant Bridges is the executive head of Abraham Baldwin Agricultural College and of all its departments, and directs, supervises, and otherwise affects the operation of Abraham Baldwin Agricultural College.

Defendant Bridges is responsible to the Board of Regents for the operation and management of Abraham Baldwin Agricultural College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Bridges is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

33. Defendant Dr. Arthur N. Dunning is the president of Albany State University. Defendant Dunning is the executive head of Albany State University and of all its departments, and directs, supervises, and otherwise affects the operation of Albany State University. Defendant Dunning is responsible to the Board of Regents for the operation and management of Albany State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Dunning is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

34. Defendant Dr. Linda Bleicken is the president of Armstrong State University. Defendant Bleicken is the executive head of Armstrong State University and of all its departments, and directs, supervises, and otherwise affects the operation of Armstrong State University. Defendant Bleicken is responsible to the Board of Regents for the operation and management of Armstrong State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Bleicken is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

35. Defendant Dr. Gary A. McGaha is the president of Atlanta Metropolitan State College. Defendant McGaha is the executive head of Atlanta Metropolitan State College and of all its departments, and directs, supervises, and otherwise affects the operation of Atlanta Metropolitan State College. Defendant McGaha is responsible to the Board of Regents for the operation and management of Atlanta Metropolitan State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant McGaha is responsible for implementing

and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

36. Defendant Shawn McGee is the president of Bainbridge State College. Defendant McGee is the executive head of Bainbridge State College and of all its departments, and directs, supervises, and otherwise affects the operation of Bainbridge State College. Defendant McGee is responsible to the Board of Regents for the operation and management of Bainbridge State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant McGee is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

37. Defendant Dr. Thomas J. "Tim" Hynes is the president of Clayton State University. Defendant Hynes is the executive head of Clayton State University and of all its departments, and directs, supervises, and otherwise affects the operation of Clayton State University. Defendant Hynes is responsible to the Board of Regents for the operation and management of Clayton State University

and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Hynes is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

38. Defendant Dr. Gregory F. Aloia is the president of the College of Coastal Georgia. Defendant Aloia is the executive head of the College of Coastal Georgia and of all its departments, and directs, supervises, and otherwise affects the operation of the College of Coastal Georgia. Defendant Aloia is responsible to the Board of Regents for the operation and management of the College of Coastal Georgia and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Aloia is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

39. Defendant Dr. Chris Markwood is the president of Columbus State University. Defendant Markwood is the executive head of Columbus State

University and of all its departments, and directs, supervises, and otherwise affects the operation of Columbus State University. Defendant Markwood is responsible to the Board of Regents for the operation and management of Columbus State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Markwood is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

40. Defendant Dr. Margaret Venable is the president of Dalton State College. Defendant Venable is the executive head of Dalton State College and of all its departments, and directs, supervises, and otherwise affects the operation of Dalton State College. Defendant Venable is responsible to the Board of Regents for the operation and management of Dalton State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Venable is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

41. Defendant Dr. Richard Carvajal is the president of Darton State College. Defendant Carvajal is the executive head of Darton State College and of all its departments, and directs, supervises, and otherwise affects the operation of Darton State College. Defendant Carvajal is responsible to the Board of Regents for the operation and management of Darton State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Carvajal is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

42. Defendant Dr. Robert G. Boehmer is the president of East Georgia State College. Defendant Boehmer is the executive head of East Georgia State College and of all its departments, and directs, supervises, and otherwise affects the operation of East Georgia State College. Defendant Boehmer is responsible to the Board of Regents for the operation and management of East Georgia State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Boehmer is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under

O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

43. Defendant Dr. Paul Jones is the president of Fort Valley State University. Defendant Jones is the executive head of Fort Valley State University and of all its departments, and directs, supervises, and otherwise affects the operation of Fort Valley State University. Defendant Jones is responsible to the Board of Regents for the operation and management of Fort Valley State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Jones is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

44. Defendant Dr. Stas Preczewski is the president of Georgia Gwinnett College. Defendant Preczewski is the executive head of Georgia Gwinnett College and of all its departments, and directs, supervises, and otherwise affects the operation of Georgia Gwinnett College. Defendant Preczewski is responsible to the Board of Regents for the operation and management of Georgia Gwinnett College and for the execution of all directives of the Board and the Chancellor,

including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Preczewski is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

45. Defendant Dr. Donald Green is the president of Georgia Highlands College. Defendant Green is the executive head of Georgia Highlands College and of all its departments, and directs, supervises, and otherwise affects the operation of Georgia Highlands College. Defendant Green is responsible to the Board of Regents for the operation and management of Georgia Highlands College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Green is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

46. Defendant Dr. Jean Bartels is the president of Georgia Southern University. Defendant Bartels is the executive head of Georgia Southern University and of all its departments, and directs, supervises, and otherwise affects

the operation of Georgia Southern University. Defendant Bartels is responsible to the Board of Regents for the operation and management of Georgia Southern University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Bartels is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

47. Defendant Dr. Charles Patterson is the president of Georgia Southwestern State University. Defendant Patterson is the executive head of Georgia Southwestern State University and of all its departments, and directs, supervises, and otherwise affects the operation of Georgia Southwestern State University. Defendant Patterson is responsible to the Board of Regents for the operation and management of Georgia Southwestern State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Patterson is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

48. Defendant Dr. Mark P. Becker is the president of the Georgia State University. Defendant Becker is the executive head of Georgia State University and of all its departments, and directs, supervises, and otherwise affects the operation of Georgia State University. Defendant Becker is responsible to the Board of Regents for the operation and management of Georgia State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Becker is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

49. Defendant Dr. Max Burns is the president of Gordon State College. Defendant Burns is the executive head of Gordon State College and of all its departments, and directs, supervises, and otherwise affects the operation of Gordon State College. Defendant Burns is responsible to the Board of Regents for the operation and management of Gordon State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Burns is responsible for implementing and enforcing the practice of assessing a higher

tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

50. Defendant Dr. Daniel S. Papp is the president of Kennesaw State University. Defendant Papp is the executive head of Kennesaw State University and of all its departments, and directs, supervises, and otherwise affects the operation of Kennesaw State University. Defendant Papp is responsible to the Board of Regents for the operation and management of Kennesaw State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Papp is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

51. Defendant Dr. Christopher Blake is the president of Middle Georgia State University. Defendant Blake is the executive head of Middle Georgia State University and of all its departments, and directs, supervises, and otherwise affects the operation of Middle Georgia State University. Defendant Blake is responsible to the Board of Regents for the operation and management of Middle Georgia State University and for the execution of all directives of the Board and the Chancellor,

including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Blake is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

52. Defendant Dr. Cheryl Davenport Dozier is the president of Savannah State University. Defendant Dozier is the executive head of Savannah State University and of all its departments, and directs, supervises, and otherwise affects the operation of Savannah State University. Defendant Dozier is responsible to the Board of Regents for the operation and management of Savannah State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Dozier is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

53. Defendant Dr. Virginia Carson is the president of South Georgia State College. Defendant Carson is the executive head of South Georgia State College and of all its departments, and directs, supervises, and otherwise affects the

operation of South Georgia State College. Defendant Carson is responsible to the Board of Regents for the operation and management of South Georgia State College and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Carson is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

54. Defendant Dr. Bonita Jacobs is the president of the University of North Georgia. Defendant Jacobs is the executive head of the University of North Georgia and of all its departments, and directs, supervises, and otherwise affects the operation of the University of North Georgia. Defendant Jacobs is responsible to the Board of Regents for the operation and management of the University of North Georgia and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Jacobs is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

55. Defendant Dr. Kyle Marrero is the president of the University of West Georgia. Defendant Marrero is the executive head of the University of West Georgia and of all its departments, and directs, supervises, and otherwise affects the operation of the University of West Georgia. Defendant Marrero is responsible to the Board of Regents for the operation and management of the University of West Georgia and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Marrero is responsible for implementing and enforcing the practice of assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

56. Defendant Dr. Cecil Staton is the president of the Valdosta State University. Defendant Staton is the executive head of Valdosta State University and of all its departments, and directs, supervises, and otherwise affects the operation of Valdosta State University. Defendant Staton is responsible to the Board of Regents for the operation and management of Valdosta State University and for the execution of all directives of the Board and the Chancellor, including implementing Defendants' policies to grant or deny requests for in-state tuition. Defendant Staton is responsible for implementing and enforcing the practice of

assessing a higher tuition rate for students classified as out-of-state students under O.C.G.A. §§ 20-3-66 and 50-36-1, and Board of Regents Policies 4.3.2.3., 4.3.4., and 7.3.4.

57. All Defendants deny in-state tuition to deferred action recipients.

## FACTUAL BACKGROUND

**Deferred Action**

58. The Supreme Court has long recognized that the Executive's discretion over removal policy stems from Congressional authority, but also inherently from the executive power. *See United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950) (citations omitted). The Executive has exercised this policy discretion repeatedly over the last century--most frequently over removal policy by granting discretionary relief from removal to undocumented immigrants, often through what is referred to as "deferred action."

59. Originally known as "nonpriority status," deferred action is a form of discretionary relief, developed internally by INS, under which the agency "may decline to institute proceedings, terminate proceedings, or decline to execute a final order of deportation." *Reno v. American-Arab Anti-Discrimination Comm.*, 525

U.S. 471, 483-84 (1999) (quoting 6 Charles Gordon et al., Immigration Law and Procedure § 72.03[2][h] (1998)).

60. Deferred action recipients are authorized to remain in the United States for the period of the grant. Additionally, deferred action recipients who are granted employment authorization are authorized not only to reside in the United States but to work here.

**Defendants' Illegal Acts**

61. Defendants, Members of the Board of Regents for the University System of Georgia, must "set forth, policies or regulations or both regarding postsecondary benefits that comply with federal law…." O.C.G.A. § 50-36-1(d)(7).

62. Defendant Members of the Board of Regents for the University System of Georgia, must further ". . . comply with federal law as provided in 8 U.S.C. Section 1623." O.C.G.A. § 50-36-1(e).

63. Under their authority, Defendant Members of the Board of Regents promulgated policies including but not limited to Policy 4.3.4. regarding in-state tuition for non-citizens.

64. Under Policy 4.3.4. and related polices, the Defendant Members of the Board of Regents direct that "Each University System institution shall verify the

lawful presence in the United States of every successfully admitted person applying for resident tuition status….”

65. In an application of its own residency policies, Defendant Members of the Board of Regents have determined that a student who is granted deferred action by the federal government is not lawfully present.

66. In addition to the above mentioned policies, the Members of the Board of Regents’ Office of Student Affairs administer the policies through a *Manual for Determining Tuition Classification And Awarding Out-of-State Tuition Waivers*, (“Handbook”) for the purpose of “defin[ing] the parameters within which institutions can classify students as in-state and award out-of-state tuition waivers.” Handbook at p. 5.

67. Pursuant to the Handbook, the Members of the Board of Regents direct that University staff “should be aware that they may have to defend a tuition classification or waiver to a supervisor or auditor.” Handbook at p. 5.

68. The Members of the Board of Regents further direct the institutions that comprise the University System of Georgia that their own internal policies regarding tuition classification “must align with O.C.G.A. § 20-3-66, the relevant BoR policies listed above [including Policy 4.3.4], and the information provided in this Manual.” Handbook at p. 5.

69. Defendant Members of the Board of Regents, through the Handbook, have directed that individuals granted deferred action are not lawfully present in the United States.

70. Defendant Members of the Board of Regents deny in-state tuition to deferred action recipients who are otherwise eligible for in-state tuition because they categorize deferred action recipients as not lawfully present in the United States.

71. Defendant Presidents deny in-state tuition to deferred action recipients who are otherwise eligible for in-state tuition because they categorize deferred action recipients as not lawfully present in the United States.

72. Defendant Presidents are required to deny in-state tuition to deferred action recipients by developing and instituting their institution's own "procedure manual of established institution business practices related to making tuition classification decisions and awarding out-of-state tuition waivers" which must align with the Handbook administered by the Members Board of Regents. Pursuant to the Handbook, "Institutions should be prepared to provide a copy of their institution procedure manual during an audit." Handbook at p. 5.

73. Defendants impose immigration-related burdens and misclassify deferred action recipients when they classify deferred action recipients as not lawfully present in the U.S.

74. Defendants impose illegal burdens on Individual Plaintiffs by denying them equal protection under the law, and cause GLAHR to redirect resources to address these illegal acts. Defendants' policies and practices treat Individual Plaintiffs, and all deferred action recipients, disparately without sufficient basis to do so when compared to other similarly situated individuals who are lawfully present in the United States.

75. As a result of Defendants' illegal acts, Individual Plaintiffs have been wrongfully required to pay out-of-state tuition rates even though they are lawfully present in the United States and are otherwise qualified for in-state tuition rates.

76. Plaintiff GLAHR redirects resources toward counseling deferred action recipients because Defendants treat deferred action recipients as if they have no lawful presence when deciding in-state tuition eligibility.

77. Plaintiffs suffer irreparable harm.

## FIRST CLAIM FOR RELIEF
## (Supremacy Clause, Article VI, Clause 2, of the United States Constitution; 42 U.S.C. § 1983)

78. Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

79. The Supremacy Clause, Article VI, Clause 2, of the United States Constitution, provides that the U.S. "Constitution and the Laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land."

80. Defendants' classification of deferred action recipients as ineligible for in-state tuition benefits conflicts with, frustrates, and serves as an obstacle to federal immigration law, goals, and policies and thus is preempted by federal law.

81. The Supremacy Clause, Article VI, Clause 2, of the U.S. Constitution, mandates that federal law preempts state law where Congress expressly or impliedly has reserved exclusive authority to the federal government, including where state law conflicts or interferes with federal law. Similarly, the Supremacy Clause constitutionally reserves exclusive authority to the federal government regarding the regulation of immigration, among other areas.

82. Defendants' further misclassification of deferred recipients as not being lawfully present in the United States conflicts with federal law and is thus preempted.

## SECOND CLAIM FOR RELIEF

### (Equal Protection Clause, Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

83. Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

84. The Fourteenth Amendment to the U.S. Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

85. Defendants' denial of in-state tuition to individuals granted deferred action violates the Equal Protection Clause of the Fourteenth Amendment.

86. Defendants' acts permit noncitizens and citizens who are similarly situated to deferred action recipients to establish eligibility for in-state tuition yet discriminate against deferred action recipients by barring their eligibility for in-state tuition. Defendants cannot establish that their policies and practices have any valid justification to withstand constitutional scrutiny.

87. Individual Plaintiffs seek compensatory damages for economic harms resulting from Defendants' unlawful misclassification.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. A preliminary and permanent injunction enjoining Defendants, their officials, agents, employees, assigns, and all persons acting in concert or participating with them from implementing or enforcing the state's policy and practice of denying in-state tuition to deferred action recipients;

B. A declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants' policy and practice of denying in-state tuition to deferred action recipients is unlawful and invalid;

C. Compensatory damages for economic harms suffered by Individual Plaintiffs.

D. Restitution of tuition fees and other costs wrongfully obtained from Individual Plaintiffs.

E. An order awarding Plaintiffs costs of suit, and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

F. Such other and further relief as the Court deems equitable, just, and proper.

Dated this 9th day of March, 2016

/s/ Mark Begnaud

Mark Begnaud
Georgia Bar No. 217641
markbegnaud@hotmail.com
Nathanael A. Horsley
Georgia Bar No. 367832
nhorsleylaw@hotmail.com
*Attorneys for Plaintiffs*